UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANA McGRIFF,
    *Plaintiff*,

    v.

CAROLYN W. COLVIN,
    *Defendant*.

No. 3:16-cv-911 (JAM)

## RULING ON CROSS-MOTIONS TO REVERSE AND AFFIRM THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

Plaintiff Dana McGriff claims that she is disabled and cannot work as a result of a combination of physical and mental impairments. She brings this action to reverse the decision of defendant, the Commissioner of Social Security, who denied her claim. For the reasons that follow, I will grant in part plaintiff's motion to reverse or remand (Doc. #16), and deny defendant's motion to affirm the Commissioner's decision (Doc. #17).

### BACKGROUND

The Court refers to the transcripts provided by the Commissioner. Doc. #14. Plaintiff, a 53-year-old woman, filed for disability in late 2009. She alleges that she is unable to work due to several ailments, including a learning disability, mood disorder, hallucinations, a limited range of motion, trouble with extended standing, and pain. Plaintiff has had several prior jobs, including working as a medical companion and working concessions and wardrobe jobs at a circus.

Plaintiff's application was rejected after the ALJ made a negative credibility determination. She successfully sought review in this Court, which remanded her case with instructions for the ALJ to attempt to obtain additional evidence and reconsider specific parts of the record in making its credibility determination. *See McGriff v. Astrue*, 3:12-cv-01058-SRU (Docs. #29–31).

1

On remand, a new ALJ held a new hearing and took additional evidence submitted by plaintiff. The ALJ then issued a new decision, again finding that plaintiff was not entitled to benefits. The ALJ determined that plaintiff has several severe impairments and proceeded to assess plaintiff's residual functional capacity ("RFC"). The ALJ found that plaintiff had the ability to perform light work within limits. Most relevant for this discussion, the ALJ found that plaintiff "is limited to simple, one-to-two step tasks which would not require interaction with the general public." Doc. #14-9 at 22. The ALJ found that the existence of plaintiff's impairments was determinable by medical evidence, but made a negative credibility finding as to plaintiff's statements regarding the "intensity, persistence and limiting effects" of the impairments. *Id.* at 23. The ALJ consulted a vocational expert, and based on that expert's testimony concluded that plaintiff was unable to do her past work but that there are jobs in significant numbers in the national economy that plaintiff is able to do. *Id.* at 33–34. The ALJ therefore found plaintiff not to be disabled, and denied her application for benefits. *Id.* at 35. Plaintiff then filed this action asking the Court to reverse the Commissioner's decision or once more remand the case for rehearing.

## DISCUSSION

The Court may "set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (*per curiam*).

To qualify for disability insurance benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months," and "the impairment must be 'of such severity that [the claimant] is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) (quoting 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A)). "[W]ork exists in the national economy when it exists in significant numbers either in the region where [a claimant] live[s] or in several other regions of the country," and "when there is a significant number of jobs (in one or more occupations) having requirements which [a claimant] [is] able to meet with her physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(a)–(b); *see also Kennedy v. Astrue*, 343 F. App'x 719, 722 (2d Cir. 2009).

To evaluate a claimant's disability and determine whether he or she qualifies for benefits, the agency engages in a well-established five-step process. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122–23 (2d Cir. 2012). The claimant bears the burden of proving her case at steps one through four; at step five, the burden shifts to the Commissioner to demonstrate that there is other work that the claimant can perform, based on the claimant's residual functional capacity, age, education, and past relevant work. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). Specifically, "the Commissioner must determine [at step five] that significant numbers of jobs exist in the national economy that the plaintiff can perform. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by adducing testimony of a vocational expert. An ALJ may rely on a vocational expert's testimony regarding a

3

hypothetical as long as there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion, and [the assumptions] accurately reflect the limitations and capabilities of the claimant involved." *Id*. (internal citations omitted).

Here, plaintiff contends that the ALJ's step-five conclusion—that there was significant work in the national economy that plaintiff could perform—was not supported by substantial evidence. The ALJ made his decision based on the testimony of a vocational expert who had been asked about jobs that exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. Doc. #14-9 at 34. The vocational expert provided three "representative occupations" that exist in substantial numbers in the national economy: mail sorter, retail marker, and laundry worker. *Ibid.* The ALJ determined that the vocational expert's testimony was consistent with the information regarding those jobs contained in the *Dictionary of Occupational Titles*, and concluded on this basis that a finding of "'not disabled' [was] therefore appropriate." *Id.* at 35.

The *Dictionary of Occupational Titles* lists jobs as being appropriate for individuals with specific levels of reasoning development, ranging from Level One (the lowest level of development) to Level Six (the highest level). *See Appendix C, Section III, Dictionary of Occupational Titles*, http://www.occupationalinfo.org/appendxc_1.html#III. The first three of these reasoning levels are important in this case. Reasoning Level One is defined as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Appendix C, Section III, Dictionary of Occupational Titles*. Reasoning Level Two entails the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and "[d]eal with problems involving a few concrete

4

variables in or from standardized situations." *Id.*, *Appendix C*. Reasoning Level Three requires that an individual be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized situations." *Ibid.*

There is no dispute that the three occupations suggested for plaintiff by the vocational expert require Levels Two or Three rather than Level One. *See Dictionary of Occupational Titles: Classifier, 361.687-014*; *Marker, 209.587-034*; *Mail Clerk, 209.687-026*. I agree with plaintiff that these higher reasoning levels are not consistent with what the ALJ determined was plaintiff's residual functional capacity. The ALJ's residual functional capacity finding concluded that plaintiff was "limited to simple, one-to-two step tasks which would not require interaction with the general public." Doc. #14-9 at 22. This finding essentially tracks the limitations for reasoning Level One (the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions") rather than for reasoning Levels Two or Three (which impose no limitation on the number of steps or instructions that an employee must be able to follow).

In *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996 (9th Cir. 2015), the Ninth Circuit required the remand of a case in circumstances similar to those before me now. As the Ninth Circuit explained, when there is an "apparent conflict between the vocational expert's testimony and the DOT [*Dictionary of Occupational Titles*]—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Id.* at 1003 (internal quotations omitted). On the facts of the case before the Ninth Circuit, there was "an apparent conflict between [claimant's] RFC, which limits her to performing one- and two-step tasks, and the demands of Level Two reasoning, which requires a person to '[a]pply

5

commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" *Ibid.* The court further noted the similarity between the claimant's limitation to "one- and two-step tasks" and the limitations of Level One involving the ability only "to carry out simple one- or two-step instructions.'" *Ibid.*

The Ninth Circuit was not persuaded by the Commissioner's argument that there was a meaningful distinction to be drawn between the ability as determined by a residual functional capacity assessment to perform only "one and two-step *tasks*" and the ability to perform as required for Level One reasoning only "one- or two-step *instructions*." The Ninth Circuit observed that the requirements of Level Two—in contrast to Level One—involved the ability to follow no less than "detailed" instructions and that "[o]nly tasks with more than one or two steps would require 'detailed' instructions" and that "these are precisely the kinds of tasks [claimant's] RFC indicates she cannot perform." *Ibid.*

The Commissioner does not cite or acknowledge the Ninth Circuit's decision in *Rounds*. Instead, the Commissioner heavily relies on a prior and inconsistent decision from a district court within the Ninth Circuit. *See Hann v. Colvin*, 2014 WL 1382063, at *18 (N.D. Cal. 2014). It is evident to me that the reasoning in *Hann* does not survive *Rounds*.

Next the Commissioner relies on cases holding that an RFC limitation to "short, simple instructions" or "simple tasks" is not inconsistent with a claimant's ability to perform jobs requiring Level Two or Level Three reasoning. *See, e.g.*, *Jones-Reid v. Astrue*, 934 F. Supp. 2d 381, 408–09 (D. Conn. 2012) (collecting cases), *aff'd* 515 F. App'x. 32 (2d Cir. 2013). But these cases are not apposite, because it is possible that a job could involve tasks or instructions that, while simple, may be more than one or two steps. For this reason, there is a significant and now well-acknowledged difference between an RFC limitation to "one-to-two-step tasks" and an RFC

limitation to "short, simple instructions." *See, e.g.*, *Wilson v. Colvin*, 2017 WL 1861839, at *7 (N.D. Cal. 2017) ("Following *Rounds*, I agree that there is a significant distinction between limitations to one-to two-step instructions and RFCs allowing performance of simple, repetitive tasks"); *Watkins v. Comm'r Soc. Sec. Admin.*, 2016 WL 4445467, at *7 n.2 (D. Or. 2016) (noting that "[t]he Ninth Circuit [in *Rounds*] has concluded that an RFC limiting the claimant to one to two step tasks is inconsistent with Level 2 reasoning," but that *Rounds* is "inapplicable" to precedent that "the limitation to perform simple and routine tasks is not inconsistent with Reasoning Level 2 jobs"); *Sayers v. Colvin*, 2015 WL 5092669, at *12-13 (D. Nev. 2015) (discussing cases in both categories and concluding that "a Level 2 Reasoning job may require simple tasks, but the job may not necessarily be limited to one- or two-step tasks").[1]

In accordance with *Rounds*, I conclude that the ALJ erred by failing to address or reconcile that apparent contradiction between plaintiff's residual functional capability and the requirements of the jobs for which the ALJ concluded would be available to plaintiff. Accordingly, I will remand this case for reconsideration of this issue. I have otherwise reviewed plaintiff's remaining claims of error and find them to be without merit for substantially the reasons set forth by the Commissioner.

---

[1] The Commissioner cites a single case concluding that an RFC restriction to "one or two step instructions" is consistent with a Level Two reasoning position. *See Lofton v. Colvin*, 2015 WL 2367692, at *27 (D. Conn. 2015). Because that decision did not elaborate on this conclusion and was decided before *Rounds*, I decline to follow it here.

## CONCLUSION

Plaintiff's motion to reverse or remand (Doc. #16) is GRANTED in part. Defendant's motion to affirm (Doc. #17) is DENIED.

It is so ordered.

Dated at New Haven, Connecticut, this 25th day of July 2017.

    /s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge